IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GEORGE MONTGOMERY BAYLOR, M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 7:09cv00472 |
| ) | |
| **v.** ) | |
| ) | |
| **COMPREHENSIVE PAIN MANAGEMENT** ) | By: Hon. Michael F. Urbanski |
| **CENTERS, INC., <u>et al.</u>,** ) | United States Magistrate Judge |
| ) | |
| **Defendants.** ) | |

## ORDER

On December 7, 2010, the undersigned held a hearing on plaintiff's Motion for Leave to Depose Late Identified Fact Witnesses (Docket #35). Plaintiff sought leave to depose two recently identified fact witnesses, Frank Dieter ("Dieter") and Mary Innes ("Innes"), who had examined historic billing practices and records while working as consultants for defendant Comprehensive Pain Management Centers, Inc. ("CPMC"). Counsel for CPMC acknowledged that the testimony of Dieter and Innes is relevant and represented that CPMC was not opposed to deposing the two witnesses. The court gave the parties leave to depose Dieter and Innes and, over plaintiff's objection, granted CPMC's oral motion to continue the trial to allow this discovery to proceed.

On the morning of December 15, 2010, the parties contacted the undersigned about an issue that had arisen at the deposition of Dieter, which was scheduled to take place that day. A telephonic conference was held. Plaintiff's counsel stated that at the outset of the deposition, counsel for CPMC reminded Dieter that he had signed a confidentiality agreement with respect to his former consulting work for CPMC and that CPMC may enforce that confidentiality

provision based on his testimony.  Counsel for CPMC also objected to the production of documents Dieter brought with him in response to the subpoena issued by plaintiff.  Dieter, who was present for the telephonic conference, relayed his concern about providing testimony in this case and the fact that a private investigator hired by counsel for CPMC had contacted his employers and clients.

The court has concerns regarding the course of conduct surrounding the identification of Dieter and Innes as fact witnesses.  According to plaintiff's counsel, these individuals were not identified by CPMC as persons with knowledge in this case in a timely manner.  Further, the undersigned finds it odd that counsel for CPMC would hire an investigator to interview clients of CPMC's own former consultant shortly before his deposition.  The court is troubled by counsel's warning to Dieter as his deposition commenced that he is subject to a confidentiality agreement with CPMC that may be enforced against him should he testify in this case.

The parties are **DIRECTED** to proceed with the depositions of Dieter and Innes.  Pursuant to lawful subpoenas issued, Dieter and Innes are **ORDERED** to respond to the questions asked and to produce any records requested by counsel during the course of the depositions.  Any testimony received and documents produced shall be subject to the Protective Order entered in this case and shall be used solely for the purpose of this litigation.  Dieter and Innes may invoke their right to counsel and Fifth Amendment privilege against self-incrimination at any point during their deposition testimony.

Litigants and their counsel should not engage in efforts that may impede the discovery of relevant and material evidence.  Accordingly, counsel for CPMC is **ORDERED** to appear before the undersigned at **9:00 a.m. on Tuesday, December 21, 2010** at the Poff Federal Building, Second Floor mini-courtroom, 210 Franklin Road, Roanoke, Virginia, to explore the

circumstances surrounding the Dieter deposition and for the court to determine whether the imposition of sanctions is appropriate. Dieter and private investigator Pete Sullivan shall appear at the hearing and provide testimony as necessary. The court further **ORDERS** that the parties produce any investigative material related to Dieter to the court for in camera review.

It is **SO ORDERED**.

Entered: December 17, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge