CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE MONTGOMERY BAYLOR, M.D., | ) |
| *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 7:09-cv-00472 |
| COMPREHENSIVE PAIN MANAGEMENT CENTERS, INC., et al. | ) ) ) ) |
| *Defendants.* | ) |

ORDER

The parties hereto by counsel, Mr. Frank Dieter ("Mr. Dieter"), and his counsel Mr. Paul G. Beers, appeared on January 24, 2011, for a hearing on the Court's own motion and the Motion to File Materials Under Seal of Defendants Comprehensive Pain Management Centers, Inc., Gunasiri Samarasinghe, M.D., and Kathleen Samarasinghe regarding the maintenance and disposition of certain documents presently in the possession of Mr. Dieter, a non-party witness in this matter, and following the testimony of Mr. Dieter and argument of counsel, the Court does hereby find as follows:

1. On January 4, 2011, the parties convened before this Court for a hearing, at which time Mr. Dieter testified under oath that he had in his possession certain documents in both paper and electronic form that contained protected health information ("PHI"), as defined under the Health Insurance Portability and Accountability Act of 1996, and relevant regulations and amendments (herein collectively "HIPAA") obtained from defendant Comprehensive Pain Management Centers, Inc. ("CPMC") during the course of his services as a consultant related to CPMC's patients, but that he had not disclosed any of such information to any third party except

{#1405377-4, 112519-00001-01}

in response to a subpoena *duces tecum* issued by Plaintiff George Montgomery Baylor, M.D. in respect to this matter.

2. A second hearing was held on the Court's Motion by telephone conference call on January 6, 2011, regarding the status and maintenance of such documents in the possession of Mr. Dieter and Mr. Dieter joined that conference by telephone. At the conclusion of that hearing, Mr. Dieter again testified that he had not disclosed PHI contained in said documents except as set forth in paragraph 1 above. Whereupon, the Court set a hearing for January 12, 2011, to hear evidence as regards the proper handling and disposition of such documents and ordered that Mr. Dieter produce to the Court at that hearing all documents in whatever format obtained from and relating to CPMC and/or its patients.

3. Notice was thereafter received by the Court that Mr. Paul G. Beers, of the firm of Glenn Feldmann Darby & Goodlatte, had been retained by Mr. Dieter as counsel, and Mr. Beers requested a continuance of the January 12th hearing until January 24th, which request was granted by the Court without objection from counsel for the parties.

4. On January 24, 2011, the parties and their counsel, Mr. Dieter and Mr. Beers convened, and Mr. Dieter delivered to the Court two (2) boxes, marked "Sealed", which he testified contained all of the information in his possession, in hard copy and electronic format, relating to CPMC other than certain information on the hard drive of his home computer relating to e-mails, correspondence and other materials prepared specifically by him in the course of providing consulting service to CPMC which did not contain PHI (the "Non-PHI Information") and certain other CPMC information that may contain PHI.

Based on the evidence previously presented in the two hearings hereinabove referred to, the testimony of Mr. Dieter and the arguments of counsel, and it appearing to the Court

{#1405377-4, 112519-00001-01}

otherwise just and appropriate to do so, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The appearance of Paul G. Beers and Glenn Feldmann Darby & Goodlatte on behalf of Dieter is hereby noted.

2. Those documents obtained by Mr. Dieter from CPMC and delivered to the Court at this hearing, consisting of all documents in whatever form, including written, electronic, magnetic, optical or any other format, currently in his possession developed by him or any third party or otherwise constituting any documents, patient records, financial records, accounting records, tax records and/or related e-mails and communications of or relating to CPMC collected or otherwise taken from CPMC by Mr. Dieter at any time before, during, or after the term of his contractual relationship with CPMC, including any abstracts, summaries, compilations, comments, or similar related documents, and all copies of such documents, in whatever form or format (hereinafter collectively the "Documents"), are and shall remain confidential as required by HIPAA and Virginia health records privacy laws, and the Clerk of Court is hereby directed to accept such documents under Seal and to retain such Documents under Seal in accordance with this Order.

3. The Court finds that, to the degree the public might have any interest in viewing this information, such interest is plainly outweighed by Congress's clear statement that PHI not be made public. *See* 45 CFR § 164 *et seq*. The same is true pursuant to Virginia law. *See* Va. Code §§ 32.1-127.1:03 and 59.1-336. Further, CPMC has an explicit duty under HIPAA and state law to protect its patient's information and prevent or mitigate any unauthorized disclosure. *See* 45 CFR § 164.504. Thus, the Court finds that a patient's privacy interest, HIPAA, relevant state health records privacy laws, and CPMC's duties under those laws are all significant

interests that weigh in favor of placing the Documents with this Court under seal until further order of this Court.

4. All said Documents provided by Dieter to the Clerk of this Court pursuant to this Order are hereby ordered to be "sealed," in accordance with W.D. Va. Gen. R. 9 of this Court, and shall not be viewed by any parties other than necessary staff of this Court, and counsel to the parties in this action without further Order of this Court.

5. All such Documents shall be held in accordance with this Court's previous Protective Order, dated February 17, 2010, and the terms and conditions of that Protective Order of March 11, 2008 initially entered by the Circuit Court of Roanoke County in this matter (collectively the "Protective Order").

6. Upon execution of a Business Associate Agreement, as contemplated by HIPAA, between Spencer Technologies and CPMC, Mr. Dieter is further ordered to make his personal computer available to Mr. Matt Spencer, of Spencer Technologies, Roanoke, VA at a time, date and place agreeable to counsel within the next fourteen (14) days with instructions for Mr. Spencer to transfer all Non-PHI Information related to CPMC to new CD ROM discs to be provided to Mr. Dieter and counsel for CPMC, to transfer all of Mr. Dieter's personal information to a new hard drive to be provided by and returned to Mr. Dieter, and to permanently delete all information otherwise contained on the original hard drive and either destroy the original hard drive or deliver it to the Clerk of this Court under Seal, to be held as a part of the other Documents so delivered in this case in accordance with the terms of this Order. Counsel for the parties shall be permitted to attend and review the information so transferred. Spencer Technologies shall certify to the parties and the Court that the forgoing has been accomplished and that to its knowledge, no PHI contained on the original hard drive has been returned to Mr.

{#1405377-4, 112519-00001-01}

Dieter nor can any PHI be retrieved from the original hard drive of Mr. Dieter's computer. Mr. Dieter has agreed to assume the cost of the new hard drive and the services of Spencer Technologies in this regard.

Notwithstanding the foregoing provisions, nothing in this Order is intended to compromise or limit Mr. Dieter's rights to withhold from CPMC and other parties any communications or Documents that are protected from discovery by the attorney-client privilege or the work product doctrine. Mr. Dieter may withhold Documents and data his counsel believes are privileged or protected work product, provided his counsel supplies the parties a privilege log in keeping with Rule 45(d)(2)(A) of the Federal Rules of Civil Procedure.

7. Mr. Dieter is further hereby ordered not to discuss with or disclose to any third party, except in accordance with a subpoena for the presentation of testimony in this matter or other valid legal process, and as otherwise consistent with HIPAA, without further Order of this Court, any of the PHI contained in Documents which are subject to this Order.

8. Mr. Dieter and any party to this matter may petition this Court for good cause shown to lift the seal and release to such person, or specified third parties, as appropriate any or all of the Documents subject to this Order, and Mr. Dieter or any party through their counsel may make appropriate arrangements and review any of the Documents so delivered to this Court, and the parties, through their counsel, may copy such documents, subject to the Protective Order, and only for use in this pending action including any appeals of any decision of this Court.

9. The Clerk is otherwise directed to provide public notice of this sealing in accordance with W.D. Va. Gen. R. 9.

10. All parties and Mr. Dieter shall bear their own costs and attorneys' fees in connection with this Order.

Enter this 31st day of January, 2011.

_____
Judge

We request entry of this Order:

/s/ William B. Poff
William B. Poff (VSB # 03477)
Agnis C. Chakravorty (VSB # 30225)
Heman A. Marshall, III (VSB #14811)
Aaron B. Houchens (VSB # 80489)
Woods Rogers, PLC
Wachovia Tower, Suite 1400
Roanoke, VA 23011
Telephone: 540-983-7600
Facsimile: 540-983-7711
E-mail: poff@woodsrogers.com
 chakravorty@woodsrogers.com
 marshall@woodsrogers.com
 ahouchens@woodrogers.com

Kristen Konrad Johnstone, Esq. (VBC #40674)
Amy Hasen Geddes, Esq. (VBC #38650)
Ryan E. Thum, Esq. (VBC# 75518)
OSTERHOUDT, PRILLAMAN, NATT, HELSCHER,
 YOST, MAXWELL & FERGUSON PLC
3140 Chaparral Drive, Suite 200-C
Roanoke, Virginia 24018
Telephone: 540-989-0000
Facsimile: 540-772-0126
 *Counsel for Defendants Comprehensive Pain Management Center, Inc., Guinisari Samarasinghe, M.D. and Kathleen Samarasinghe*

Seen and Agreed:

/s/ Paul G. Beers
Paul G. Beers, Esq. (VSB#26725)
Glenn Feldmann Darby & Goodlatte
37 Campbell Avenue, SW
Roanoke, Virginia 24011
Telephone: 540-224-8035
Facsimile: 540-224-8050

{#1405377-4, 112519-00001-01}

Email: pbeers@gfdg.com
    *Counsel for Frank Dieter*

Seen and Agreed:

/s/ Robert S. Ballou
Robert S. Ballou, Esq. (VSB# 28080)
JOHNSON, AYERS & MATTHEWS, PLC
210 First Street, SW, Suite 300
First Campbell Square
Roanoke, Virginia 24011-1606
Telephone: 540-767-2038
Facsimile: 540-982-1552
Email: rballou@jamlaw.net
    *Counsel for Defendant Michael T. Kelly, D.O.*

Seen and Agreed:

/s/ Lori. D. Thompson
Lori D. Thompson, Esq. (VSB# 41963)
LeClair Ryan, P.C.
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006.
Telephone: 540-510-3011
Facsimile: 540-510-3050
Email: lori.thompson@leclairryan.com
    *Counsel for Plaintiff George Montgomery Baylor, M.D.*

{#1405377-4, 112519-00001-01}